IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIKING TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BROADTECH, LLC ET AL,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>**C.A. No. 2:20-cv-00357-JRG<br>LEAD CASE** |
| VIKING TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASURION, LLC ET AL,<br><br>Defendants. | C.A. No. 2:20-cv-00358-JRG |
| VIKING TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CLOVER TECHNOLOGIES GROUP, LLC ET AL,<br><br>Defendants. | C.A. No. 2:20-cv-00359-JRG |

**PLAINTIFF'S UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL DATE, TO EXTEND THE DEADLINE FOR FACT DISCOVERY, AND TO AMEND DOCKET CONTROL ORDER**

Plaintiff Viking Technologies, LLC ("Plaintiff"), respectfully and for good cause requests that the Court (1) continue the trial date; (2) extend the deadline for fact discovery; (3) extend the deadline for expert disclosures; and (4) amend the Docket Control Order in accordance with a new

trial date and an extended deadline for fact discovery and expert disclosures. All Defendants—Broadtech, LLC, CWork Solutions, LP, The Signal, LP, Signal GP, LLC, MMI-CPR, LLC (collectively, "Broadtech"), Asurion, LLC ("Asurion"), Clover Technologies Group, LLC, Clover Wireless, LLC, Valu Tech Outsourcing, LLC, Teleplan Holdings USA, Inc., Teleplan Service Logistics, Inc., and Teleplan Services Texas, Inc. (all together collectively, "Defendants")—are unopposed to this motion.

In accordance with the Docket Control Order (D.I. 72), this case is currently set for jury selection on November 15, 2021 in Marshall, Texas.

Viking contends that good cause exists for changing the trial date for the following reasons. On November 9, 2020, Viking filed the complaints in these three actions. At the March 12, 2021 scheduling conference, the Court set the November 15, 2021 trial date—giving the parties just over four months to complete fact discovery and expert disclosures. Although this is an unusually shortened schedule for the Court,[1] the parties agreed to make best efforts to work diligently within the assigned dates. Notwithstanding the parties' diligent efforts to meet the deadlines, more time is needed to complete fact discovery and expert disclosures which both currently must be completed by July 26, 2021. (D.I. 72).

Thus far, Viking has produced over 28,000 documents and Defendants have collectively produced over 7,000 documents. Defendants have served answers to Viking's common

---

[1] *See, e.g., Lennon Image Techs., LLC v. Target Corp.,* 2:20-cv-00362-JRG-RSP (Complaint filed November 11, 2020; Scheduling Conference held January 20, 2021; Jury Selection scheduled for April 2, 2022); *Longhorn HD LLC. v. NetScout Sys., Inc.*, 2:20-cv-00349-JRG (Complaint filed November 5, 2021; Scheduling Conference held January 20, 2021; Jury Selection scheduled for April 2, 2022); *Fleet Connect Sols. LLC v. Gentrifi LLC*, (Complaint filed December 1, 2020; Scheduling Conference held March 12, 2021; Jury Selection scheduled for December 13, 2021); *Mad Dogg Athletics, Inc. v. Peloton Interactive, Inc.*, 2:20-cv-00382-JRG (Complaint filed December 14, 2020; Scheduling Conference held March 12, 2021; Jury Selection scheduled for December 13, 2021).

interrogatories and Viking has served answers to Defendants' first set of common interrogatories and Broadtech's first set of interrogatories. Additionally, the parties anticipate that answers to outstanding interrogatories to all parties will be timely served in the next few weeks.

However, fact discovery is slated to close on July 26, 2021, and because other discovery has thus far consumed the parties' resources (and so the parties could obtain the discovery needed to effectively question witnesses), depositions remain outstanding at this time. For one, Teo Chong Teck, the sole inventor of the two patents-in-suit in these litigations, is a Singapore citizen who resides and works in Guangdong Province in the People's Republic of China. Because depositions are not permitted in China for use in foreign courts, Mr. Teck must leave China to be deposed. *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html, last visited July 2, 2021 ("China does **not** permit attorneys to take depositions in China for use in foreign courts."). Viking had planned to produce Mr. Teck for deposition in the United States in July but because of recent COVID outbreaks, the Guangdong provincial government requires quarantine upon return which would be for two weeks in a government-sanctioned hotel and then home quarantine with monitoring for an additional week. (Petrsoric Decl. at ¶ 2.) Being absent from his job for almost a month is not something that Mr. Teck can do. While Viking cannot predict the future of the state of reentry to China, Viking has a reasonable expectation that the onerous quarantine restrictions will be reduced soon. *See* http://www.gz.gov.cn/guangzhouinternational/home/bulletin/content/post_7343752.html, last visited July 2, 2021 (Guangzhou's COVID-19 Update on the Numbers (June 21): "Guangzhou Municipal Health Commission reported that there were zero newly confirmed local Covid-19 cases, zero new domestic asymptomatic Covid-19 cases, 2 newly confirmed imported cases, and 3 new imported asymptomatic cases."). Viking's counsel is continually monitoring the situation, including

via their offices in China. (Petrsoric Decl. at ¶¶ 3, 4.) Viking also notes that there is only a little more than four weeks between the June 25, 2021 Claim Construction Order and the July 26, 2021 close of fact discovery. (*See* D.I. 72 & D.I. 112.) The parties believe that the deposition of Mr. Teck is necessary before expert reports.

In addition, the expert disclosure deadline is currently July 26, 2021. For Viking to complete its infringement report it needs to complete written and document discovery while at the same time completing over twenty depositions. These depositions are likely to be key sources of the infringement evidence that will likely shape significant portions of Viking's infringement report. Similarly, Viking's damages report is likely to be highly dependent on information yet to be received from Defendants regarding alternatives to the patented method and the costs of such methods. Viking expects that information regarding the cost Defendants have paid for non-infringing alternatives will be learned during deposition and outstanding written discovery responses. In addition, Viking is in the process of reviewing thousands of invoices and spreadsheets produced by Broadtech and Asurion. Further, the depositions relevant to infringement and damages include six third-party depositions for whom a scheduled deposition date has not been set. Accomplishing all the necessary fact discovery while at the same time preparing affirmative expert reports by July 26, 2021 will prejudice Viking's ability to prosecute its case despite its diligence.

Given these issues, Viking respectfully requests that the fact discovery deadline be extended to September 30, 2021 to accommodate depositions, the expert disclosure deadline be extended to October 8, 2021 to accommodate the review of discovery material, and the trial date be continued to February 7, 2022. In conjunction with this request, Viking requests that the Court extend the remaining pre-trial deadlines. Viking requests these changes so that a full factual record will exist before export reports are served, the parties will have sufficient time to prepare expert reports, and

so that the parties and the Court may have the benefit of the full factual record before the parties ask the Court for permission to file motions based on undisputed facts.

Viking has prepared and attached a proposed Amended Docket Control Order for the Court's consideration. Defendants agree with the proposed Amended Docket Control Order.

Dated: July 2, 2021

Respectfully Submitted,

*/s/ Mark S. Raskin*
Mark S. Raskin
Email: mark.raskin@us.kwm.com
John F. Petrsoric
Email: john.petrsoric@us.kwm.com
Michael S. DeVincenzo
Email: michael.devincenzo@us.kwm.com
Elizabeth Long
Email: elizabeth.long@us.kwm.com
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
Telephone: (212) 319-4755
Facsimile: (917) 591-8167

Charles Everingham IV (TX SBN 00787447)
Email: ce@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)
Email: claire@wsfirm.com
Andrea Fair (TX SBN 24078488)
Email: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
*Viking Technologies, LLC*

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff certifies that the parties have complied with the meet and confer requirements of Local Rule CV-7(h) and counsel for Defendants indicated that Defendants are UNOPPOSED to the relief requested in this Motion.

*/s/ Mark S. Raskin*
Mark S. Raskin

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 2nd day of July 2021.

*/s/ Mark S. Raskin*
Mark S. Raskin
