# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIKING TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BROADTECH, LLC ET AL,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>C.A. No. 2:20-cv-00357-JRG<br>(LEAD CASE) |
| VIKING TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASURION, LLC,<br><br>Defendant. | C.A. No. 2:20-cv-00358-JRG<br>(MEMBER CASE) |
| VIKING TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CLOVER TECHNOLOGIES GROUP, LLC, ET AL,<br><br>Defendants. | C.A. No. 4:21-cv-00474-JRG |

**PLAINTIFF VIKING TECHNOLOGIES, LLC's RESPONSE IN OPPOSITION TO ASURION, LLC'S MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

I.      NO EVIDENCE, TESTIMONY, OR ARGUMENT CONCERNING THE CONCEPTION, DEVELOPMENT, AND ACTUAL REDUCTION TO PRACTICE OF THE ASSERTED PATENTS AND VIKING HONG KONG'S DELAMINATION METHODS THAT REQUIRES FOUNDATION FROM THE NAMED INVENTOR, MR. TECK ...............1

II.     NO REFERENCE TO, EVIDENCE, OR SUGGESTION THAT THIRD PARTIES OTHER THAN ASURION ALLEGEDLY INFRINGE THE ASSERTED PATENTS................3

III.    NO EVIDENCE, TESTIMONY, OR ARGUMENT THAT ASURION WITHHELD DISCOVERY, OR THAT ASURION FAILED TO KEEP PROPER RECORDS .......................4

# **TABLE OF AUTHORITIES**

**Cases**

*AGI Realty Serv. Grp., Inc. v. Red Robin Intern., Inc.*,
  81 F.3d 160, 1996 WL 143465 (6th Cir. Mar. 28, 1996) ......................................................... 2

*Barthelemy v. Air Lines Pilots Ass'n*,
  897 F.2d 999 (9th Cir. 1990) ................................................................................................... 2

*Catawba Indian Tribe of S. Carolina v. State of S. Carolina*,
  978 F.2d 1334 (4th Cir.1992) .................................................................................................. 2

*Creative Compounds, LLC v. Starmark Labs., Inc.*,
  No. 07–22814–CIV, 2009 WL 8741975 (S.D. Fla. Sept. 9, 2009) .......................................... 4

*Creative Compounds, LLC v. Starmark Labs., Inc.*,
  651 F.3d 1303 (Fed. Cir. 2011) ............................................................................................... 4

*Diamond Offshore Co. v. A&B Builder's Inc.*,
  302 F.3d 531 (5th Cir. 2002) ................................................................................................... 2

*Digital Reg of Texas, LLC v. Adobe Systems, Inc.*,
  No. C 12-1971-CW, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) ....................................... 4

*Finjan, Inc. v. Secure Computing Corp.*,
  626 F.3d 1197, 1211 (Fed. Cir. 2010) ..................................................................................... 3

*Luce v. United States*,
  469 U.S. 38 (1984) ................................................................................................................... 4

*Morgan v. Tenet*,
  9 F. App'x 698 (9th Cir. 2001) ................................................................................................ 2

*Sensonics, Inc. v. Aerosonic Corp.*,
  81 F.3d 1566 (Fed. Cir. 1996) ................................................................................................. 5

**Other Authorities**
AIPLA Model Patent Jury Instructions § 10.3 (2019) .................................................................. 5

**Rules**
Fed. R. Evid. 701 .......................................................................................................................... 3

Fed. R. Evid. 702 .......................................................................................................................... 4

Plaintiff Viking Technologies, LLC ("Viking") files this response in opposition to Defendant Asurion, LLC's ("Asurion") motions *in limine*. (Dkt. 173).

**I.   NO EVIDENCE, TESTIMONY, OR ARGUMENT CONCERNING THE CONCEPTION, DEVELOPMENT, AND ACTUAL REDUCTION TO PRACTICE OF THE ASSERTED PATENTS AND VIKING HONG KONG'S DELAMINATION METHODS THAT REQUIRES FOUNDATION FROM THE NAMED INVENTOR, MR. TECK**

Asurion, by its motion, seeks to exclude no documents. Instead, Asurion seeks to exclude whole categories of testimony including testimony about conception that "require foundation" from Mr. Teck. First, there is no dispute that certain evidence regarding conception and development is admissible and does not require Mr. Teck's foundation. For example, Asurion does not dispute that any information within the personal knowledge of Mr. Barnett—Viking Hong Kong's primary shareholder and Chief Operating Officer—is admissible. (*See* Dkt. 173, 6 (recognizing Mr. Barnett may testify regarding "aspects of the asserted patents or Viking Hong Kong's operations that are within Mr. Barnett's personal knowledge").) Mr. Barnett has personal knowledge of the facts and circumstances with respect to the work of Viking Hong Kong including the work of Mr. Teck. Based on his personal knowledge, Mr. Barnett may testify with respect to the subject matter of the Asserted Patents, how the development of the patented invention occurred, and how that invention resulted in the Asserted Patents.[1] Viking does not intend to offer Mr. Barnett's testimony regarding any subject matter outside his personal knowledge.

Asurion argues that Mr. Barnett has no personal knowledge over any of the activities of Viking Hong Kong because he was not located directly in Hong Kong. (Dkt. 173, 4–5.) However, personal knowledge is not so narrowly construed. Instead, knowledge gained in the course of

---

[1] Viking confirms that Teo Chong ("Stuart") Teck will not be called as a witness at trial.

1

one's regular business activities is personal knowledge.  For example, in *Diamond Offshore Company v. A&B Builder's Inc.*, the Fifth Circuit rejected an argument by the defendant that affidavits submitted by the Director of Claims for the plaintiff were inadmissible hearsay because the affidavit was not based on his personal knowledge.  302 F.3d 531, 544 n.13 (5th Cir. 2002). The Fifth Circuit recognized that an affiant's position afforded him access to records relevant to the information contained in the affidavit and found that the district court did not abuse its discretion to consider the information contained in the affidavit. *Id.*  That finding is in accord with other courts, which routinely recognize that a corporate officer typically has personal knowledge of matters within their responsibility. *See Morgan v. Tenet*, 9 F. App'x 698, 700 (9th Cir. 2001) (concluding that a CIA executive officer should be "deemed for evidentiary purposes to have personal knowledge of the CIA's affairs," and citing *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990), for the rule that "a corporate officer's 'personal knowledge and competence to testify are reasonably inferred from their position'"); *AGI Realty Serv. Grp., Inc. v. Red Robin Intern., Inc.*, 81 F.3d 160, 1996 WL 143465, at *4 (6th Cir. Mar. 28, 1996) ("Corporate officers are considered to have personal knowledge of the acts of their corporations and an affidavit setting forth those facts is sufficient for summary judgment."); *Catawba Indian Tribe of S. Carolina v. State of S. Carolina*, 978 F.2d 1334, 1342 (4th Cir.1992) ("We are of opinion that, ordinarily, officers would have personal knowledge of the acts of their corporations.").

Asurion speculates that a broad preclusion of all testimony concerning Viking Hong Kong is necessary because Mr. Barnett may be used as a "conduit to testify about what Mr. Teck believes was inventive, new, patentable, or developed."  (Dkt. 173, 7.)  Of course, Asurion's mere speculation that Mr. Barnett **could theoretically** be used as an improper conduit for information that is uniquely within the possession of Mr. Teck does not justify the preclusion of all testimony

regarding Viking Hong Kong, the development of the patented processes, and the conception of the claimed inventions. To the extent that Asurion believes Mr. Barnett (or any other individual) offers testimony lacking foundation, Asurion will be free to object. Viking does not intend to rely on an earlier invention date or to pre-date the prior art references Asurion and its expert, Dr. Stern, will rely upon at trial.[2]

## II.   NO REFERENCE TO, EVIDENCE, OR SUGGESTION THAT THIRD PARTIES OTHER THAN ASURION ALLEGEDLY INFRINGE THE ASSERTED PATENTS

While Viking does not intend to introduce evidence about other lawsuits concerning the Asserted Patents, Viking should not be wholesale precluded from discussing prior actions. For example, Viking has entered into settlements as part of those prior actions. Viking should be permitted to introduce evidence and rely on facts concerning the circumstances that led to these settlement agreements. The facts surrounding these agreements are important in this case to rebut any suggestion that the settlement agreements represent comparable licenses for purposes of a reasonable royalty determination. *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010) (reiterating that use of past agreements "must account for differences in the technologies and economic circumstances of the contracting parties").

Further, Viking should be free to introduce evidence, including Mr. Barnett's personal knowledge, about other companies performing display assembly repairs. Fed. R. Evid. 701. Asurion filed a *Daubert* motion where it urged that Dr. Serwin's opinions concerning ▇▇▇▇ documents are entirely irrelevant because ▇▇▇▇▇▇▇▇▇▇▇▇ is not similar to Asurion's ▇▇▇▇▇▇▇. (Dkt. No. 144, 9–10.) Dr. Serwin should be able to testify regarding his knowledge of ▇▇▇▇▇▇▇▇▇▇▇▇ to the extent that formed the basis of his opinion. Fed. R. Evid.

---

[2] Each prior art reference is dated sufficiently in advance of the conception date that Mr. Teck could testify to.

3

702. At trial, Viking intends to—and should not be precluded from—offering evidence of ███ ███████████████, the fact that such services were placed at issue in a prior litigation, and the fact that such litigation was ultimately settled.

Additionally, Asurion states that this evidence would be "irrelevant and likely to cause juror confusion" but provides no information how this evidence might be used. (Dkt. 173, 8.) Without more evidence on the context, a blanket ruling excluding any such evidence would be improper. *See Luce v. United States*, 469 U.S. 38, 41 (1984) ("A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context.").

### III.    NO EVIDENCE, TESTIMONY, OR ARGUMENT THAT ASURION WITHHELD DISCOVERY, OR THAT ASURION FAILED TO KEEP PROPER RECORDS

Viking does not intend to affirmatively accuse Asurion of litigation misconduct. However, Viking's experts are entitled to explain to the jury their reasoning for relying on specific information. Asurion recognizes that Viking's experts identified various deficiencies in Asurion's record keeping that was relevant for certain limitations in their analyses. (Dkt. 173, 9 (citing Asurion Ex. G[3] (Serwin Rpt.) ¶ 33 n.47; Asurion Ex. H (Ganaja Rpt.) ¶ 67; Asurion Ex. I (Ganaja Dep. Tr.) 74:22–75:19).) Accordingly, Viking's experts should be allowed to explain the impact of these deficiencies on their opinions. In *Digital Reg of Texas, LLC v. Adobe Systems, Inc.*, the court allowed the plaintiff to explain that it relied on public information in its damages report because internal information was not available, without blaming the defendant. No. C 12-1971-CW, 2014 WL 4090550, at *8 (N.D. Cal. Aug. 19, 2014); *see also Creative Compounds, LLC v. Starmark Labs., Inc.*, No. 07–22814–CIV, 2009 WL 8741975, at *16 (S.D. Fla. Sept. 9, 2009), *aff'd* 651 F.3d 1303 (Fed. Cir. 2011) (finding that while alleged infringer argued that patent

---

[3] References to "Asurion Ex." are to exhibits attached to Asurion's Opposed Motions *In Limine*. (Dkt. 173).

holder's expert "had no basis for inferring the process by which [the accused process] is manufactured, that is by [alleged infringer's] own doing, as [alleged infringer] failed to produce documentation regarding the process" and holding that patent holder's expert's "inferences about the manufacturing process stand").

Further, Asurion has taken the position that its own lack of documentary evidence and its own witness's lack of knowledge call into question the reasonable royalty calculated by Viking's expert, Dr. Serwin. Asurion has urged that its own failure to adequately track how often it performs one of the infringing limitations ▮▮▮▮ calls into question the damages approach used by Dr. Serwin. (*See* Dkt. No. 143, 22–23 (relying on Viking Ex. A[4] (▮▮▮ Dep. Tr., Aug. 26, 2021) 132:24–133:13).) Asurion has questioned Dr. Serwin's reliance on certain ▮▮▮▮ documents concerning profitability. (*See* Dkt. No. 144, 9–12.) Yet, Asurion did not and does not maintain records regarding the profitability of its own ▮▮▮▮. Lastly, Asurion's record keeping with respect to ▮▮▮▮▮▮▮▮ has been spotty at best. The jury should be allowed to consider these facts in determining damages in this case. *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996) ("When the calculation of damages is impeded by incomplete records of the infringer, adverse inferences are appropriately drawn."); AIPLA Model Patent Jury Instructions § 10.3 (2019).

---

[4] Reference to "Viking Ex." is to the exhibit attached to Viking's Opposed Motions *In Limine*. (Dkt. 174).

Dated:  December 27, 2021

| | |
|---|---|
| Charles Everingham IV (TX SBN 00787447)<br>Email: ce@wsfirm.com<br>Claire Abernathy Henry (TX SBN 24053063)<br>Email: claire@wsfirm.com<br>Andrea Fair (TX SBN 24078488)<br>Email: andrea@wsfirm.com<br>WARD, SMITH & HILL, PLLC<br>PO Box 1231<br>Longview, TX 75606<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323 | */s/ Mark S. Raskin*<br>Mark S. Raskin<br>John F. Petrsoric<br>Michael S. DeVincenzo<br>Elizabeth Long<br>KING & WOOD MALLESONS LLP<br>500 5th Avenue, 50th Floor<br>New York, New York 10110<br>(212) 319-4755<br>mark.raskin@us.kwm.com<br>john.petrsoric@us.kwm.com<br>michael.devincenzo@us.kwm.com<br>elizabeth.long@us.kwm.com<br><br>*Attorneys for Plaintiff*<br>*Viking Technologies, LLC* |

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 27th day of December 2021.

*/s/ Mark S. Raskin*
Mark S. Raskin